UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:23-cv-00083

DPG MEDIA BV, a foreign
entity; COPYTRACK GmbH, a
foreign entity; and PRO SHOTS
PHOTO AGENCY BV, a
foreign entity,

    Plaintiffs,

vs.

PARKER ASSOCIATES, an unregistered
Florida business entity; and J.
CHRISTOPHER PARKER, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiffs DPG Media BV ("DPG"), COPYTRACK GmbH ("COPYTRACK"), and Pro Shots Photo Agency BV ("Pro Shots", together with DPG and COPYTRACK, "Plaintiffs") by and through their undersigned counsel, sue Defendant Parker Associates ("Parker Associates") and J. Christopher Parker ("Parker", together with Parker Associates, "Defendants"), and in support thereof allege the following:

**NATURE OF THIS ACTION**

1.    This is an action for copyright infringement under Section 501 of the

1

Copyright Act. This action arises out of Defendants' unauthorized reproduction and public display of a photograph of a person carrying two bags ("the Work"), owned by Pro Shots, a photography agency. Plaintiffs have entered into agreements regarding enforcement of the copyright for the photograph. Accordingly, Plaintiffs seek monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq.

## PARTIES

2. DPG is a foreign entity with a principal place of business in Netherlands.

3. COPYTRACK is a foreign entity with a principal place of business in Germany.

4. Pro Shots is a foreign entity with a principal place of business in Netherlands.

5. Parker Associates is an unregistered Florida business purporting to be a "Jacksonville Florida based professional organization" with a principal place of business in 2027 Eastern Drive Jacksonville Beach, Florida 32250.

6. Parker is an individual who purports to be President of Parker Associates and has a residential address of 2027 Eastern Drive Jacksonville Beach, Florida 32250.

## JURISDICTION AND VENUE

7. This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Florida.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

10. Pro Shots is the owner and author of the Work. Pro Shots has granted the right to enforce the copyright right in the Work to DPG which has in turn assigned rights to enforce the copyright to COPYTRACK. A true and correct copy of the Work is attached hereto as Exhibit A.

11. The Berne Convention for the Protection of Literary and Artistic Works of 1886 (the "Berne Convention") requires each signatory country to recognize copyrighted works of authors from other signatory countries in the same way it would recognize the copyrighted works of its nationals. The Berne Convention also requires member states to provide strong minimum standards for copyright law.

12. The United States of America became a signatory member of the Berne Convention on March 1, 1989. Germany became a signatory member of the Berne Convention on December 5, 1887. Netherlands became a signatory member of the Berne Convention on November 1, 1912.

13. The Work is a Berne Convention Work as defined in the Copyright Act of 1976, Title 17 U.S.C. §§ 101, *et seq.*, and are therefore subject to the protections of the Copyright Act.

14. Defendants displayed the Work on its website at https://parkerassociates.com/blog/index.php/slowing-growth-for-2020. A copy of the infringing image is attached as Exhibit B.

15. As of today, the infringing image is still live.

16. Defendants did not license the Work from Plaintiffs, nor did Defendants have Plaintiffs' permission or consent to publish the Work on its website.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I – COPYRIGHT INFRINGEMENT
### (All Defendants)

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 as if fully alleged herein.

19. The Work is an original work of authorship fixed in a tangible means of expression that constitutes a pictorial work pursuant to 17 U.S.C. § 102(a) and is subject to copyright protection under U.S.C. Title 17 § 101.

20. Article 5(1) of the Berne Convention provides that "(a)uthors shall enjoy, in respect of This Convention, in countries of the Union other than the works for which they are protected under country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specifically granted by this Convention."

21. Article 5(2) of the Berne Convention provides further that "(t)he enjoyment and exercise of these rights shall not be subject to any formality; such

enjoyment and such exercise shall be independent of the existence of protection in the country of the origin of the work."

22. Plaintiffs have exclusive rights to each protectable component of the Work identified in Exhibit A.

23. By copying and publishing the Work identified in Exhibit A on Defendants' website, and by maintaining copies of the Work on its computer, Defendants have copied and reproduced the Plaintiff's protected material without the Plaintiffs' permission or authorization.

24. Upon information and belief, Defendants' conduct was and is willfully done with knowledge of the Plaintiffs' rights in the Work, or at least with reckless disregard of Plaintiffs' rights.

25. Defendants' conduct constituted, and continues to constitute, infringement upon the Plaintiffs' exclusive rights to reproduce, copy, and distribute the Work, all in violation of 17 U.S.C. §§ 101 *et seq*. and the Berne Convention.

26. By reason of Defendants' acts and infringements, the Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to its rights.

27. The Plaintiffs are further entitled to recover from Defendant the damages sustained by it as result of Defendants' acts of copyright infringement in an amount to be determined at trial.

### COUNT II – CONTRIBUTORY INFRINGEMENT
### (As to Parker)

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 and 19-27 as if fully alleged herein.

29. Parker Associates is an unregistered business entity that, upon information and belief, is one in the same as Parker. To the extent that Parker Associates, not Parker, committed direct copyright infringement, Parker knowingly induced, participated, and aided and abetted in, and profited from, the unlawful copying and publishing of the Work by virtue of his control and direction of Parker Associates as its supposed President.

30. By reason of Parker's act of contributory copyright infringement, the Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to its rights.

31. Upon information and belief, Parker's conduct was and is willfully done with knowledge of the Plaintiffs' rights in the Work, or at least with reckless disregard of Plaintiffs' rights.

32. The Plaintiffs are further entitled to recover from Parker the damages sustained by it as result of Parker's acts of contributory copyright infringement in an amount to be determined at trial.

### DEMAND FOR RELIEF

Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor on Counts I and II of their Complaint against Defendants, and grant Plaintiffs the following relief:

A. An award of all available damages, including, but not limited to:

damages for Counts I and II, compensatory, actual, and consequential damages, and any profits gained.

B.  An injunction restraining Defendants and their associates, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from continuing their infringement of Plaintiffs' copyrighted photograph.

C.  An injunction restraining Defendants and their associates, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from continuing to disseminate, distribute, reproduce, copy, display, or publish Plaintiffs' copyrighted photograph.

D.  An award of attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest at the highest rate allowable by law on all counts available.

E.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury in this action of all issues and claims triable by right of jury.

Date:  January 23, 2023            Respectfully submitted,

By:  /s/ A. Robert Weaver
**THE BRICKELL IP GROUP, PLLC**
**Rafael Perez-Pineiro, Lead Counsel**
Fla. Bar No. 543101
Email: rperez@brickellip.com
1101 S. Brickell Ave.
South Tower, Suite 800
Miami, FL 33131
Tel: 305-728-8831

Fax: 305-428-2450

**Arthur Robert Weaver**
Fla. Bar No. 92132
Email: rweaver@brickellip.com
400 North Tampa Street, 15th Floor
Tampa, FL, 33602
Tel: 813-278-1358

*Counsel for Plaintiffs*